UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITE HERE RETIREMENT FUND, *et al.*,

                              Plaintiffs,

                  -v-

ANGELO OF MULBERRY STREET INC., *et al.*,

                              Defendants.

21-CV-583 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

The Unite Here Retirement Fund and the Trustees of the Unite Here Retirement Fund sue Defendant Angelo of Mulberry Street, Inc., under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, for failure to pay withdrawal liability. (*See* Dkt. No. 1 ("Compl.") ¶¶ 10-11.) Defendant was served but never appeared. (*See* Dkt. No. 6 at 1-2.) Defendant's default was certified. (*See* Dkt. No. 11 at 1.) Plaintiffs move for default judgment. (*See* Dkt. No. 12 at 1.) Plaintiff has served that motion and supporting papers. (*See* Dkt. No. 13.)

The motion for default judgment is granted in part. The complaint states a complaint for withdrawal liability and for failure to comply with Plaintiff's request for information, but it does not state a control group claim. Plaintiffs have substantiated their request for damages, including withdrawal liability, prejudgment interest, liquidated damages, and costs, but not attorney's fees.

I.   **Discussion**

    A.   **Default**

Federal Rule of Civil Procedure 55 establishes a two step-process for entering judgment against a party who fails to defend. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, "[w]hen a party against whom a judgment for affirmative relief is

1

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, "the party must apply for a default judgment." Fed. R. Civ. P. 55(b). Defendant was served. (*See* Dkt. No. 6 at 1-2.) By not filing a responsive pleading, Defendant failed to defend, and the Clerk has certified its default. (*See* Dkt. No. 11 at 1.)

      **B.**      **Liability**

Before entering default judgment, a district court is "required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alterations omitted). The "legal sufficiency of these claims is analyzed under the familiar plausibility standard." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 482-83 (S.D.N.Y. 2021). In conducting that assessment, well-pleaded allegations are taken as true, as the defendant's default "is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

          **1.**      **Withdrawal Liability**

Plaintiffs have stated their claim for withdrawal liability under ERISA. The Multiemployer Pension Plan Amendments Act ("MPPAA") amended ERISA to provide that "[i]f an employer withdraws from a multiemployer plan . . . then the employer is liable in the amount determined . . . to be the withdrawal liability." 29 U.S.C. § 1381(a); *see New York State Teamsters Conf. Pension & Ret. Fund v. C&S Wholesale Grocers, Inc.*, 24 F.4th 163, 170 (2d Cir. 2022). "Generally, where a plan sponsor seeks withdrawal liability payments, it must show only that it complied with the statutory procedural requirements" governing such demands. *Div. 1181 Amalgamated Transit Union—N.Y. Emples. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 608 (E.D.N.Y. 2017). Thus, "the plan sponsor must (1) determine that an employer has

partially or completely withdrawn from a multiemployer plan; (2) determine the amount of the employer's withdrawal liability; (3) notify the employer of the amount of liability and the payment schedule; and (4) demand payment according to the schedule." *Nat'l Ret. Fund v. Caesers Entm't Corp.*, 15-CV-2048, 2016 WL 2621068, at *4 (S.D.N.Y. May 5, 2016), *report and recommendation adopted,* 2016 WL 6601561 (S.D.N.Y. Nov. 7, 2016).

The complaint raises an inference that Plaintiffs have complied with those requirements. The complaint alleges that Plaintiffs have "established . . . a plan . . . to provide retirement income to employees for whom contributions are made by employers," and that the plan "is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund." (Compl. ¶ 4.) It alleges that Defendant "permanently ceased all covered operations," thereby "completely withdrawing" from the plan. (Compl. ¶ 11.) It alleges that Plaintiffs determined the amount of the withdrawal liability, notified Defendant of the amount, and demanded payment. (*See* Compl. ¶¶ 18-27.) The attached exhibits support those allegations. (*See* Dkt. Nos. 1-2, 1-3.) Accordingly, Defendant's default establishes its liability for withdrawal payments under ERISA.

### 2. Request for Information

Plaintiffs have also stated a claim that Defendant failed to comply with Plaintiffs' request for information. Where an employer withdraws from a plan, it must "within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor" to assess the employer's withdrawal liability. 29 U.S.C. § 1399(a). The complaint alleges that Plaintiffs made a written request, but Defendant did not respond within 30 days. (*See* Compl. ¶¶ 10-17.) The information requested was reasonably related to the employer's withdrawal liability. (*See* Dkt. No. 1-1.) Accordingly,

3

Plaintiffs have stated a claim that Defendant must comply. *See Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund*, 270 F. Supp. 3d at 617; *Deianni v. New Media Printing*, No. 11-CV-5267, 2012 WL 3842596, at *8 (E.D.N.Y. Aug. 17, 2012), *report and recommendation adopted*, No. 11-CV-5267, 2012 WL 3839618 (E.D.N.Y. Sept. 5, 2012).

### 3. Common Control

Plaintiffs have not stated a claim that Defendant was under common control with any John Doe Defendants. "Businesses that are under 'common control' (also referred to as businesses that are members of a control group) are treated as a single employer for purposes of ERISA withdrawal liability." *Amalgamated Lithographers of Am. v. Unz & Co. Inc.*, 670 F. Supp. 2d 214, 223 (S.D.N.Y. 2009) (citing 29 U.S.C. § 1301(b)(1)). But Plaintiffs "have alleged no facts regarding Defendants' ownership that would establish that [any Defendants] belong to a 'control group' under the applicable statues, nor have they pointed to any information incorporated into the Complaint that supports the conclusory allegations." *UNITE HERE Ret. Fund. v. Edward Vill. Grp., LLC*, No. 21-CV-2141, 2021 WL 5414972, at *5 (S.D.N.Y. Nov. 16, 2021). Nor have Plaintiffs alleged notice to any other Defendant. *See id.* Accordingly, Plaintiffs' motion for default judgment is denied as to any John Doe Defendant.

### C. Damages

On a motion for a default judgment, "a defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Instead, the "burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested." *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "To determine damages, the court may conduct an inquest . . . or it may rely on the affidavits and other documentary evidence provided by plaintiff,

obviating the need for a hearing on damages." *Id.* (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). There is no need for an inquest here.

### 1. Unpaid Liability

Plaintiffs have substantiated their request for $3,543,628 in unpaid withdrawal liability. Section 1132(g) of ERISA obligates a court to award "unpaid contributions." 29 U.S.C. § 1132(g). $3,543,628 remains unpaid; that is the amount that Plaintiffs requested from Defendant. (*See* Dkt. No. 1-2.) Accordingly, it is the amount that Defendant must pay after it defaulted on its obligation.

### 2. Interest

Plaintiffs have also substantiated their request for $404,268.89 in interest on the unpaid withdrawal liability. Section 1132(g) of ERISA obligates a court to award "interest on the unpaid contributions." 29 U.S.C. § 1132(g). That interest is "determined by using the rate provided under the plan." *Id.* The plan provides that "[i]nterest will accrue from the date the withdrawal liability payment is due to the date of payment at an annual rate equal to the average quoted prime rate on short-term commercial loans for the fifteenth day (or next business day if the fifteenth day is not a business day) of the month preceding the beginning of each calendar quarter, as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15 ('Selected Interest Rates')." (Dkt. No. 12-2 at 5.) Defendant's accelerated liability was due on November 1, 2018. (*See* Dkt. No. 1-2.) The interest since that time amounts to $404,268.89. (*See* Dkt. No. 12-1 at 4.)

### 3. Liquidated Damages

Plaintiffs have substantiated their request for liquidated damages in the amount of $708,725.60. Section 1132(g) obligates a court to award "an amount equal to the greater of . . .

5

interest on the unpaid contributions, or . . . liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. § 1132(g). The plan states that a withdrawing "employer shall also be liable to the Fund for liquidated damages at an amount equal to the greater of interest on the delinquent withdrawal liability payment or twenty percent (20%) of the delinquent withdrawal liability payment." (Dkt. No. 5.) Twenty percent of the principal amount here, $3,543,628, is $708,725.60, which is greater than $404,268.89. Accordingly, Plaintiffs are awarded $708,725.60 in liquidated damages.

### 4. Reasonable Attorney's Fees

Plaintiffs have not substantiated their request for attorney's fees. Section 1132(g) obligates a court to award "reasonable attorney's fees." 29 U.S.C. § 1132(g). But Plaintiffs have not submitted contemporaneous time records any other relevant information to substantiate the reasonableness of their request for fees. (*See* Dkt. No. 12-1.) Accordingly, Plaintiffs' request for attorney's fees is denied without prejudice and with leave to renew.

### 5. Costs

Lastly, Plaintiffs have substantiated their request for $983 in costs. Section 1132(g) obligates a court to award "costs." 29 U.S.C. § 1132(g). Costs may include "filing fees and reasonable process-server fees." *UNITE HERE Ret. Fund*, No. 21-CV-2141, 2021 WL 5414972, at *8. The current filing fee is $402, and a $581 request for service fees is reasonable.

## II. Conclusion

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED. Plaintiffs are awarded (i) $3,543,628 in unpaid withdrawal liability; (ii) $404,268.89 in interest; (iii) $708,725.60 in liquidated damages; and (iv) $983 in costs. Plaintiffs' request for attorney's fees is denied without prejudice to renewal with appropriate documentation, provided that any request for attorney's fees shall be filed within 30 days after the date of this order.

The Clerk of Court is directed to enter judgment accordingly.

The Clerk of Court is directed to close the motion at Docket Number 12 and to mark this case as closed.

SO ORDERED.

Dated: March 28, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge